IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIELLE PRITCHETT,** | : | **Civil No. 1:19-CV-01493** |
| **Plaintiff,** | : | |
| v. | : | |
| **ALTERNATIVE BEARINGS CORPORATION and THOMAS G. MALLOY,** | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

# **M E M O R A N D U M**

Before the court is Plaintiff Gabrielle Pritchett's motion for reconsideration or certification for interlocutory appeal of the court's June 2, 2020 order. (Doc. 33.) For the reasons set forth below, the motion will be denied.

## I.    BACKGROUND

This action arises from Ms. Pritchett's allegation that her former employer Defendant Alternative Bearings ("ABC") and its president Defendant Thomas G. Malloy owe her around $80,000 in unpaid wages and commissions. (Doc. 13.) In October 2019, ABC and Mr. Malloy filed motions to dismiss for lack of personal jurisdiction, failure to state a claim, and to transfer venue to the Northern District of Illinois. (Docs. 15, 17.) By memorandum and order dated June 2, 2020, the court

granted the motions in part and transferred the action to the Northern District of Illinois. (Docs. 31, 32.)

On June 16, 2020, Ms. Pritchett filed a motion for reconsideration or alternatively certification for interlocutory appeal of the June 2, 2020 decision. (Docs. 33, 34.) Mr. Malloy and ABC responded in opposition. (Doc. 35.) The matter is thus ripe for review.

## II.   STANDARD OF REVIEW

A motion for reconsideration may be granted if the movant establishes (1) there has been an intervening change in controlling law; (2) new evidence has become available since the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Schumann v. Astrazeneca Pharm.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," *Harsco Corp. v. Ziotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), and not "to raise new arguments that could have been raised before the issuance of the order in question." *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 296 (M.D. Pa. 2016).

Under 28 U.S.C. § 1292(b), the district court may certify a non-final order for interlocutory appeal if the order involves a controlling question of law for which

there is a substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. *See J.B. ex rel. Benjamin v. Fassnacht*, 801 F.3d 336, 339 n.8 (3d Cir. 2015). "The certification decision rests with the discretion of the district court, and the court may decline to certify an order even if the parties have satisfied all elements enumerated in the statute." *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009) (citing *Knipe v. SmithKline Beecham,* 583 F. Supp. 2d 553, 599 (E.D.Pa. 2008); *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D.Pa. 2008)).

### III.   DISCUSSION

As an initial matter, the court has jurisdiction over Ms. Pritchett's motion despite the prior transfer order. A transferor court loses jurisdiction and authority to review a transfer order only after the transferee court "proceeds" with the case. *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 55–56 (3d Cir. 2018). The term "proceeds" is interpreted as requiring "more than, for example, the mere entry of a schedule order." *Id.* The transferor court also generally retains jurisdiction where the party seeking review acts with sufficient dispatch. *Id*. Here, the transferee court has not "proceeded" with the case in a way that would strip this court of jurisdiction. The only actions taken by the judge in the Northern District of Illinois have been to order a status report and then to stay proceedings pending the resolution of the

motion before this court. (*See ABC v. Pritchett*, Case No. 1:20-cv-03262, Docs. 37, 45 (N.D. Ill.).) Ms. Pritchett also acted with sufficient dispatch by filing her motion within fourteen days of the underlying order. The court therefore has jurisdiction to decide the matter.

Turning to the substance of her motion, Ms. Pritchett initially argues that reconsideration or certification is warranted because the court's transfer decision improperly relied on and cited two paragraphs from Mr. Malloy's reply declaration. While it is true that a court should not rely on new arguments and evidence raised on reply, *see Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010), the court's reliance on the paragraphs was neither error nor material to the outcome of the motion.

The first citation to the reply declaration was not error because the statements relied upon, which expressed the Defendants' intention to call a representative from a company named Blackline, clarified a prior representation in the Defendants' moving papers that they planned to call five unnamed witnesses at trial, and responded to Ms. Pritchett's opposition argument that they failed to provide a list of their witnesses or an affidavit regarding the materiality of potential testimony. (*See* Doc. 21, pp. 16-17.) It was not improper for the court to consider the declaration statements in that context. *See Defillipis v. Dell Fin. Servs.*, No. 3:14-CV-00115, 2016 WL 394003, at *7 (M.D. Pa. Jan. 29, 2016) (finding it proper for the court to

4

consider records attached to reply brief that clarified prior evidence, fell within the scope of the initial motion and moving brief, and responded to the other party's opposition brief). In addition, even assuming error, the court's reliance on the reply declaration had zero effect on its relevant finding that the private interest factor at issue was neutral, let alone any effect on the actual outcome of the motion. (*See* Doc. 31, p. 22 (finding the factor concerned with the convenience of the witnesses neutral because no party "argue[d] that any…witnesses may be unavailable for trial in either fora").)

The court's second citation to the reply declaration is also not a basis for reconsideration or certification since it was accompanied by a citation to Mr. Malloy's moving declaration that contained precisely the same information only worded differently. (*Compare* Doc. 18-2, ¶ 26, *with* Doc. 25-2, ¶ 6.) The court therefore did not "rely upon…new information," *Alston*, 379 F. Appx. at 129, in granting the motion. As such, Ms. Pritchett fails to show that the court's reliance on two paragraphs of the reply declaration presented a clear error of law, were manifestly unjust, or involved a controlling question of law as to which there is substantial ground for difference of opinion.

Ms. Pritchett also contends that reconsideration or certification is necessary because the court "did not resolve all factual disputes and draw all reasonable inferences" in her favor. (Doc. 34, p. 8.) Ms. Pritchett takes specific issue with the

court's choice of law discussion and its conclusion that her employment agreement was likely governed by Illinois law rather than Pennsylvania law, and particularly the court's finding that the agreement was negotiated and executed in Illinois. (*See* Doc. 31, p. 20.) According to Ms. Pritchett, this finding failed to accept as true her statements that she remotely negotiated and signed the agreement when she was in California. Ms. Pritchett is mistaken though, because the court did accept as true her averments that she signed and remotely negotiated the agreement from California, but it also simultaneously drew a reasonable inference from the record that Mr. Malloy remotely negotiated and signed the agreement from Illinois. (*See* Doc. 18-2, ¶ 9 ("When Plaintiff was hired to work for ABC, she was living in California and had contacted ABC and me in Illinois about an available position at ABC.").) In fact, Ms. Pritchett's opposition brief conceded that Mr. Malloy negotiated from Illinois. (*See* Doc. 21, p. 19 n. 6 ("[T]he contract negotiations took place in California and Illinois.").) Presented then with a contract that was negotiated and signed in both Illinois and California, and having no party argue that California law applies, the court concluded the choice of law factor concerned with where the contract was negotiated and executed favored applying Illinois law rather than Pennsylvania law.

6

Ms. Pritchett's motion provides no reason to second guess that determination or otherwise conclude that it serves as a valid basis for reconsideration or certification.[1]

Ms. Pritchett further argues that reconsideration or certification is warranted based on newly discovered evidence. According to Ms. Pritchett, after the court's decision to transfer this case, she located an April 2016 email chain showing that Mr. Malloy and Ms. Berg intended to be out of the office on the same day for three days that month, which contradicts Mr. Malloy's declaration statement that throughout the last sixteen years, he and Ms. Berg were never scheduled to be out of the office on the same day. (*See* Doc. 33-1, p. 10.) The problem with this argument is that Ms. Pritchett has not shown that the newly discovered email chain was unavailable to her at the time of the original briefing. "'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). "Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.* While Ms. Pritchett avers that she

---

[1] Ms. Pritchett also seems to argue that the court should have found that Pennsylvania law governs the employment agreement because she agreed to various contract amendments after she moved to Pennsylvania. (Doc. 34, p. 10) Ms. Pritchett, however, provides no authority for this argument, and in any event ignores that Mr. Malloy apparently agreed to the same amendments from Illinois, making it curious how the amendments could tip the scales toward Pennsylvania law. Accordingly, Ms. Pritchett has not shown that court's choice of law analysis is erroneous, manifestly unjust, or otherwise proper for certification.

uncovered the email chain after the court's transfer decision (Doc. 33-1, ¶ 10), there is no reason to believe it was not always in her possession and it is therefore not "new evidence" for purposes of reconsideration.

Nor does the email chain demonstrate that the court's transfer decision is manifestly unjust or otherwise erroneous. Admittedly, Mr. Malloy's statement that he and Ms. Berg had never been scheduled to be out of the office on the same day is contradicted by the subsequently-uncovered email chain showing that they were both scheduled to be out for three days in April 2016. There is no indication, however, that Mr. Malloy intentionally misled the court. More importantly, the email chain supports the declaration statement's underlying proposition that Mr. Malloy's and Ms. Berg's simultaneous absence from the office would be extraordinary by showing that when they were both absent in 2016, due at least in part to medical reasons, Mr. Malloy had to fly someone in from Florida to run the office. (*Id*., p. 10.) It should perhaps go without saying that, going forward, Mr. Malloy and defense counsel should aim for more care in their representations to the court. The email chain, however, does not show that reconsideration is necessary to correct a manifest injustice and does not rise to the level of undermining the court's conclusion that a trial in this District would potentially interfere with ABC's ability to operate and support its employees. Accordingly, the newly discovered email chain does not provide a basis for reconsideration or certification.

## IV. CONCLUSION

For the reasons outlined above, the court will deny Ms. Pritchett's motion for reconsideration and certification. An appropriate order shall follow.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 28, 2020